[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 46.]

CLEVELAND BAR ASSOCIATION *v*. FRAZIER.

[Cite as *Cleveland Bar Assn. v. Frazier,* 2002-Ohio-2994.]

*Attorneys at law—Misconduct—Indefinite suspension—Use of client funds deposited in attorney's client trust account.*

(No. 2001-2203—Submitted March 26, 2002—Decided July 3, 2002)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-102.

———————————

**Per Curiam.**

{¶1} On December 4, 2000, relator, Cleveland Bar Association, filed a complaint charging respondent, Arthur Ray Frazier of Cleveland, Ohio, Attorney Registration No. 0063635, with several violations of the Code of Professional Conduct arising out of his use of client funds deposited in his trust account. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline.

{¶2} The panel found that in May 1998, respondent received a check for $17,530 from his client, Ruby Jackson, which was to be used to pay Jackson's former husband pursuant to a divorce decree that awarded the family home to Jackson. Respondent deposited $13,372 of the funds in his client trust account and $4,158 into his business account. During May and June, respondent made personal and business disbursements and disbursements "for certain usage" totaling $10,135.50 from the trust account, and it was not until July 10, 1998, that he paid Jackson's husband $9,000 of the amount due.

{¶3} On July 24, 1998, he paid the husband $4,000 and on July 31, 1998, he gave him a check for $3,000. This last check was dishonored for insufficient funds and had to be renegotiated. On August 22, 1998, respondent issued a final

check for $1,530 to the husband. It also was dishonored and had to be renegotiated. Both before and after this last payment respondent made additional personal disbursements from his client trust account.

{¶4} The panel found that in August 1998, respondent's trust account, in which he deposited not only Jackson's money but also the money of other clients, had a negative balance due to his withdrawals for personal and business expenses. After July 1999, respondent did not maintain a client trust account, except for a period beginning early 2000 and ending March 2001, and did not have such an account at the time of the hearing. Respondent testified that he did not know whether he received any client funds during the time he had no client trust account, but that if he had he would have deposited them in his business account.

{¶5} Finally, the panel found that respondent did not cooperate in relator's attempt to investigate the grievance filed by Jackson.

{¶6} The panel concluded that respondent's conduct violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 9-102(A) (a lawyer shall not commingle funds of a client with personal funds), 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled), and Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

{¶7} We have examined the record and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Baker & Hostetler, L.L.P., Thomas L. Anastos and Brett A. Wall, for relator.

Arthur Ray Frazier, pro se.

_____