[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 119.]

DAYTON BAR ASSOCIATION *v*. GREEN.

[Cite as *Dayton Bar Assn. v. Green*, 2002-Ohio-5314.]

*Attorneys at law—Misconduct—Indefinite suspension—Failing to keep client's funds in a separate identifiable bank account—Failing to maintain complete records—Failing to cooperate in the disciplinary process.*

(No. 2002-0721—Submitted June 26, 2002—Decided October 16, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-61.

————————————

**Per Curiam**.

{¶1} We are asked to decide in this case whether an attorney who failed to keep appropriate records of her client's funds and commingled those funds with her own should be indefinitely suspended from the practice of law in Ohio. The Board of Commissioners on Grievances and Discipline recommended this sanction after finding that respondent, Lana F. Green, last known address in Trotwood, Ohio, Attorney Registration No. 0051802, had engaged in this conduct and thereby violated DR 9-102(A) (failing to keep client's funds in separate identifiable bank account) and (B) (failing to maintain complete records). We agree that an indefinite suspension is appropriate.

{¶2} In 1997 and 1998, respondent represented two clients in personal injury actions, both of whom had received medical treatment in exchange for the provider's lien on proceeds from their suits. Apparently, respondent settled the suits for some amount in 1997, but she did not immediately pay the medical provider in accordance with the lien agreement. In October 1998, respondent wrote a $3,814 check to the provider to cover the amount owed by her clients. She drew

the check on her office account, as opposed to a client trust account. The check was returned for insufficient funds.

{¶3} Also in October 1998, respondent wrote a $559 check to the same provider on behalf of a different client, again drawing the funds from her office account. Her account did not contain sufficient funds to cover the check. By late November or early December 1998, however, respondent had paid the provider in full for the amounts owed by all three clients.

{¶4} On October 11, 1999, relator, Dayton Bar Association, charged respondent with various violations of the Code of Professional Responsibility. A panel of the board heard the cause, found the facts as stated, and concluded that respondent had committed the cited misconduct. In making its recommendation, the panel applied the guidelines for evaluating mitigating and aggravating evidence in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The panel found that respondent had not cooperated in the disciplinary process because while she did answer the complaint, she did not respond timely or sometimes at all to notices and motions, and she did not appear at the hearing.[1] In mitigation, the panel considered that respondent apparently had no prior record of misconduct. Respondent also explained in a letter that relevant records had been destroyed when her office water pipes burst, and she apologized that she could not defend herself for this reason.

{¶5} The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the panel's findings of misconduct and recommendation. We agree with the board.

---

1. In various filings before the board, respondent reported several different addresses, and the board consistently attempted to notify her of proceedings at every address available. For the most part, the board received some indication that respondent had received these mailings; however, the notices of hearing, which were sent by certified mail to three separate addresses, were never signed for.

{¶6} An indefinite suspension may be imposed when an attorney violates DR 9-102(A) and (B) and does not cooperate in the disciplinary process.  See, e.g., *Cleveland Bar Assn. v. Frazier*, 96 Ohio St.3d 46, 2002-Ohio-2994, 770 N.E.2d 1006.  Having committed this misconduct, respondent is therefore suspended indefinitely from the practice of law.  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

David H. Fuchsman, for relator.

_____