CUYAHOGA COUNTY BAR ASSOCIATION v. HERRON.

[Cite as *Cuyahoga Cty. Bar Assn. v. Herron,*
103 Ohio St.3d 332, 2004-Ohio-4749.]

(No. 2004-0468—Submitted April 27, 2004—Decided September 22, 2004.)

---

Per Curiam.

{¶ 1} Respondent, Michael J. Herron, of Cleveland, Ohio, Attorney Registration No. 0068694, was admitted to the practice of law in Ohio in 1997. Five separate grievances against respondent were filed with relator, Cuyahoga County Bar Association. Between January and August 2002, relator repeatedly attempted to contact respondent about these grievances by phone and letter, both by certified and ordinary mail. All certified mail was returned as unclaimed. Respondent admitted receiving the correspondence sent by ordinary mail, but nevertheless did not contact relator for approximately eight months. Eventually, in autumn 2002, respondent addressed these grievances in five separate letters. He did not, however, answer the initial, first amended, or second amended complaints filed by relator, and on April 28, 2003, the second amended complaint was served on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Relator consequently moved for default judgment pursuant to Gov.Bar R. V(6)(F).

{¶ 2} The Board of Commissioners on Grievances and Discipline referred the motion to a board member for consideration. See Gov.Bar R. V(6)(F)(2). The board member granted the motion and made findings of fact, conclusions of law, and a recommendation. As to Count VI, which was added in the second amended complaint, the board member found that respondent was not current in his attorney registration or continuing legal education requirements. He also found that respondent had not maintained his current addresses with the Supreme Court of Ohio. Violations of Gov.Bar R. VI(1) (a lawyer shall file a certificate of registration and shall notify the Attorney Registration Section of any change of information) and Gov.Bar R. X(3) (a lawyer shall complete and report continuing legal education) were accordingly found.

{¶ 3} As to the five remaining counts, respondent's lengthy delay in responding to relator's repeated efforts to contact him prompted the conclusion, as to each count, that respondent had violated Gov.Bar R. V(4)(G) (a lawyer shall not neglect or refuse to assist in an investigation of misconduct). This was the only violation assessed against respondent as to Count III, with the balance of the charges determined to be unproven by clear and convincing evidence.

## Counts I and V

{¶ 4} Both Counts I and V stem from respondent's representation of clients in bankruptcy proceedings, and, in both instances, respondent conceded the alleged misconduct in his responses to relator's initial letters of inquiry. Common to both is respondent's failure to initiate bankruptcy proceedings for over a year, despite his clients' remittance of a filing fee or retainer. In each case, respondent's continuing inaction caused dismissal of the case. In each instance, he failed to seek reinstatement of the case.

{¶ 5} In Count I, respondent eventually refiled the Chapter 7 action, at his own expense, two years after being first retained. This action coincided with the client's grievance against him and the relator's assignment of that grievance for investigation.

{¶ 6} Count V involves Chapter 13 bankruptcy proceedings—an area in which respondent admitted in his response to relator's letter of inquiry that he knew little. Fearful of losing her home, his client retained respondent in May 2000 and tendered a $200 filing fee. According to the client, respondent then advised her to stop paying certain bills—which apparently included her mortgage and utilities—and, relying on that counsel, his client did so.

{¶ 7} For reasons unknown, respondent petitioned the court to pay the filing fee in installments. He filed the case in June 2001—nearly a year later—but never paid the full filing fee, resulting in the action's dismissal. By then, his client had had gas service to her home disconnected and was so far behind on her mortgage payments that a Chapter 7 bankruptcy was her only option. The client retained new counsel to do this.

{¶ 8} In both counts, violations of DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law) and 6–101(A)(3) (a lawyer shall not neglect an entrusted legal matter) were found. Additionally, in Count V, a violation of DR 6–101(A)(2) (a lawyer shall not handle a legal matter without adequate preparation) was assessed.

## Counts II and IV

{¶ 9} The same violations shared by Counts I and V—DR 1–102(A)(6) and 6–101(A)(3)—were also found in each of these counts, both of which arose from domestic relations disputes. In Count II, respondent was retained in late 1998 to represent his client in termination of a marriage. In his response to relator's letter of inquiry, respondent did not contest his client's assertion that he did nothing for the next three months. In April 1999, respondent proposed to his client the terms of a separation agreement. The client's husband would not agree to those terms.

{¶ 10} For approximately the next 18 months, there was no further action in the case. In his response to relator's letter of inquiry, respondent attributed this to his client's decision to put the proceedings on hold, and there is nothing of record refuting this. In July 2001, the parties reached an agreement on the final dissolution documents. Respondent never filed the case, despite his client's remittance of the filing fee. Respondent claimed in his response letter that "additional funds" were owed on the client's account and that he informed his client that no action would be taken until this money was paid. Respondent, however, did not identify what the extra money represented, and respondent's

claim was not addressed by the client. In any event, respondent's refusal to file the case required his client to secure other counsel. Respondent, in his response letter, did not deny his client's assertion that during this delay, the client and her children were without financial support from her spouse and that respondent had been so advised.

{¶ 11} In Count IV, respondent received a retainer to represent a client in what ultimately became a divorce proceeding. Respondent never told his client of the trial date, and respondent did not appear at trial. The case was then dismissed at his client's cost; but, again, respondent failed to notify her.

{¶ 12} Respondent then relocated his office without informing his client. She later located him and reported that her husband wanted to sign a separation agreement. The client paid an additional filing fee, but respondent failed to act. As in Count II, respondent, in his response to relator's inquiry letter, claimed that additional money was owed, but did not state what the money represented. Respondent finally filed the case after almost a year and a half, but only after he learned that a grievance had been filed against him.

Sanction

{¶ 13} In recommending a sanction for this cumulative misconduct, the board member considered the mitigating and aggravating factors contained in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. A pattern of misconduct, multiple offenses, lack of cooperation in the disciplinary process, and harm to vulnerable victims were found to be aggravating factors, and respondent's lack of a prior disciplinary record was found to be mitigating. The board member also noted that there were some good-faith efforts to make restitution and to rectify the consequences of his misconduct. The board member cited the respondent's completion of the bankruptcies in Counts I and III, the completion of the divorce in Count IV, and the refund of the filing fee in Count V. The board member rejected relator's proposed sanction of permanent disbarment, recommending an indefinite suspension instead. The board adopted its member's report in full.

{¶ 14} We adopt the board's findings of fact, conclusions of law, and recommended sanction. We have previously held that neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law. *Cleveland Bar Assn. v. Judge* (2002), 94 Ohio St.3d 331, 332, 763 N.E.2d 114, quoting *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271. Accordingly, respondent is hereby

suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Earl Williams Jr. and Rachel May Weiser, for relator.