CLEVELAND BAR ASSOCIATION *v.* HERRON.

[Cite as *Cleveland Bar Assn. v. Herron,*
112 Ohio St.3d 564, 2007-Ohio-812.]

(No. 2006–1939—Submitted November 29, 2006—Decided March 14, 2007.)

---

**Per Curiam.**

{¶ 1} Respondent, Michael John Herron of Cleveland, Ohio, Attorney Registration No. 0068694, was admitted to the Ohio bar in 1997. In 2004, we indefinitely suspended respondent for his violation of DR 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law), 6–101(A)(2) (prohibiting a lawyer from handling a legal matter without adequate preparation), and 6–101(A)(3) (prohibiting neglect of an entrusted legal matter), as well as Gov.Bar R. V(4)(G) (requiring lawyers to cooperate with and assist in any disciplinary investigation). *Cuyahoga Cty. Bar Assn. v. Herron,* 103 Ohio St.3d 332, 2004-Ohio-4749, 815 N.E.2d 395.

{¶ 2} On December 5, 2005, relator, Cleveland Bar Association, filed a complaint charging respondent with additional professional misconduct. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in June 2006. The panel then prepared written findings of fact and conclusions of law, which the board adopted, as well as a recommendation for a sanction, which the board modified.

Misconduct

{¶ 3} The panel found that relator failed to present clear and convincing evidence to support the allegations of disciplinary violations in Counts II and III of the complaint, and the panel therefore dismissed those counts under Gov.Bar R. V(6)(H). We now consider the evidence presented in support of the remaining allegations in the complaint.

## Count I

{¶ 4} Respondent represented Carrie Bijak in a domestic-relations matter between 2001 and 2003, and he also represented Bijak in a matter before the Cuyahoga County Probate Court in 2003. In October 2003, respondent told Bijak that she owed him a balance of $11,068.75 for the services that he had provided to her in those two cases.

{¶ 5} In November 2003, Bijak received a $14,751.36 check from her ex-husband's pension fund as part of the final settlement of their divorce case. Bijak had no checking account, so she endorsed the check and gave it to respondent, who deposited the check into his client trust account. Intending to shield his fees from his creditors, respondent did not transfer to his business account any amounts representing fees already earned.

{¶ 6} Beginning that month, respondent made withdrawals from the trust account to pay his own bills and expenses. Those withdrawals were unrelated to the legal fees that Bijak owed to respondent, and respondent failed to keep any records documenting the identity of the funds in his trust account. Respondent also failed to provide an accounting to Bijak of Bijak's funds that he withdrew from the account.

{¶ 7} The board found that respondent's actions violated DR 9–102(A) (requiring a lawyer to maintain client funds in a separate, identifiable bank account), 9–102(B)(3) (requiring a lawyer to maintain complete records and render appropriate accounts of clients' property), and 9–102(B)(4) (requiring a lawyer to promptly pay or deliver requested funds in the lawyer's possession that the client is entitled to receive).

## Count IV

{¶ 8} In July 2004, relator sent letters to respondent by certified and regular mail asking him to respond to a grievance filed by Bijak. Respondent did not answer either letter. Relator sent a third letter to respondent in September 2004 inquiring about Bijak's grievance, but again respondent did not reply. After relator served a deposition subpoena on respondent in late September 2004, respondent contacted relator and participated in the disciplinary investigation and the hearing.

{¶ 9} The board found that respondent's actions violated Gov.Bar R. V(4)(G).

## Sanction

{¶ 10} Relator recommended that respondent be permanently disbarred from the practice of law. The panel recommended that respondent be indefinitely suspended, with that suspension to run consecutively to respondent's earlier indefinite suspension. The board in turn recommended a concurrent indefinite

suspension. Respondent has filed no objections to the board's findings or its recommendation.

{¶ 11} We have reviewed the board's report and the record, and we find that respondent violated all of the provisions as described above. Although he did cooperate with the disciplinary process after relator issued a subpoena to him, respondent's initial two-month-long failure to reply to relator's inquiries about his misconduct was a clear violation of Gov.Bar R. V(4)(G).

{¶ 12} We also adopt the board's recommended sanction. In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors in this case include respondent's prior disciplinary offenses, his initial failure to cooperate with the disciplinary process, and the harm suffered by his vulnerable client. BCGD Proc.Reg. 10(B)(1)(a), (e), and (h).

{¶ 13} One mitigating factor identified by the board in this case was respondent's remorseful attitude at his disciplinary hearing. BCGD Proc.Reg. 10(B)(2)(d). Respondent testified at his disciplinary hearing that he was "very, very sorry" about his handling of the Bijak matter, and he acknowledged responsibility for his misconduct and admitted that the allegations in relator's complaint were true.

{¶ 14} After weighing the aggravating and mitigating factors in this case, we agree with the board that a concurrent indefinite suspension is warranted. We have explained that "[a]n indefinite suspension may be imposed when an attorney violates DR 9–102(A) and (B) and does not cooperate in the disciplinary process." *Dayton Bar Assn. v. Green*, 97 Ohio St.3d 119, 2002-Ohio-5314, 776 N.E.2d 1060, ¶ 6. We note that, as the panel explained, "there is no allegation that [respondent] misappropriated funds from his client" or that he neglected the client's work. We therefore agree with the board that disbarment is not warranted.

{¶ 15} We have imposed an indefinite suspension in similar cases. See, e.g., *Disciplinary Counsel v. Wise*, 108 Ohio St.3d 381, 2006-Ohio-1194, 843 N.E.2d 1198 (attorney misused his client trust account, failed to maintain or produce adequate account records, and failed to cooperate during a disciplinary investigation); *Cincinnati Bar Assn. v. Rothermel*, 104 Ohio St.3d 413, 2004-Ohio-6559, 819 N.E.2d 1099 (attorney failed to maintain complete records for the funds in his trust account and used client funds for his own personal use).

{¶ 16} Accordingly, respondent is hereby indefinitely suspended from the practice of law, with the suspension to run concurrently with the indefinite

suspension that we imposed in *Cuyahoga Cty. Bar Assn. v. Herron,* 103 Ohio St.3d 332, 2004-Ohio-4749, 815 N.E.2d 395. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON and LANZINGER, JJ., concur.

O'CONNOR and O'DONNELL, JJ., dissent and would indefinitely suspend respondent with the suspension to run consecutively to the suspension imposed on September 22, 2004.

CUPP, J., not participating.

———————

Ulmer & Berne, L.L.P., Christopher Fisher, and Max W. Thomas, for relator. Michael J. Herron, pro se.