Dayton Bar Association *v.* Parker.

[Cite as *Dayton Bar Assn. v. Parker,*
104 Ohio St.3d 117, 2004-Ohio-6236.]

(No. 2003–2169—Submitted March 15, 2004—Decided December 8, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Arlynn A. Parker of Dayton, Ohio, Attorney Registration No. 0029312, was admitted to the practice of law in Ohio in 1980. On June 17, 2002, relator, Dayton Bar Association, charged respondent with various violations of the Code of Professional Responsibility. Efforts to serve respondent with the complaint at her last known address failed, and the complaint was served on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 2} The Board of Commissioners on Grievances and Discipline appointed a master commissioner to consider the motion for default and adopted the master commissioner's findings of fact, conclusions of law and recommendation. As to the first count of the complaint, an investigator's affidavit substantiated that respondent had represented a client for whom respondent failed to correct a bankruptcy petition. This client filed a grievance concerning respondent's neglect. Relator's investigator attempted to interview respondent, but respondent did not return the investigator's telephone call. The board concluded from this evidence that respondent had violated DR 6–101(A)(3) (prohibiting neglect of an entrusted legal matter) and Gov.Bar R. V(4)(G) (requiring an attorney to cooperate in a disciplinary investigation).

{¶ 3} As to the second count, an investigator's affidavit substantiated that respondent changed a date on a second client's bankruptcy petition, "acted unprofessionally in meeting in public places to transact legal business," and failed to carry out a contract of employment for professional services. The board found that respondent had thereby violated DR 1–102(A)(4) (barring conduct involving

dishonesty, fraud, deceit, or misrepresentation), 6–101(A)(3), and 7–101(A)(2) (requiring an attorney to carry out contracts for professional employment). Because respondent did not respond to the investigator's three letters of inquiry and telephone call, the board also found a second violation of Gov.Bar R. V(4)(G).

{¶ 4} As to the third count, an investigator's affidavit substantiated that respondent failed to "maintain communication" with a third client. The board found that respondent had thereby violated DR 6–101(A)(3).

{¶ 5} As to the fourth count, an investigator's affidavit substantiated that respondent promised but failed to place in escrow a portion of a fourth client's settlement fees that the client needed in order to pay outstanding medical bills. And when the investigator attempted to interview respondent about this client's grievance, respondent told the investigator that she was not then prepared to discuss the matter. Respondent never did answer the investigator's inquiries. The board found that respondent had thereby violated DR 1–102(A)(4), 6–101(A)(3), 7–101(A)(2), 9–102(B)(3) (requiring an attorney to account for client's funds), and 9–102(B)(4) (requiring an attorney to pay client funds to which client is entitled), and Gov.Bar R. V(4)(G).

{¶ 6} Upon review, we agree that respondent committed the foregoing misconduct. In addition to the violations cited in this opinion, however, the board also found five more disciplinary violations relative to the first count in the complaint, two more violations relative to the second count, five more relative to the third count, two more relative to the fourth count, and three more relative to a fifth count. Although these additional violations were charged in the complaint, relator did not cite them in its motion for default or substantiate them with proof. See Gov.Bar R. V(6)(F)(1)(b) (charges shall be supported in default motion by "sworn or certified documentary prima facie evidence"). We therefore reject these findings pursuant to our independent review and final authority in disciplinary cases. See *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 708 N.E.2d 193, paragraph one of the syllabus.

{¶ 7} In recommending a sanction for this misconduct, the board found no evidence of the mitigating factors listed in Section 10(B)(2) of the Rules and Regulations Governing Complaints and Procedure Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found the following aggravating circumstances: a pattern of misconduct, multiple offenses, lack of cooperation in the disciplinary process, refusal to acknowledge wrongfulness of conduct, harm to vulnerable clients, and failure to make restitution. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (g), (h), and (i). The board recommended, in accordance with the sanction recommended by the master commissioner, that respondent be suspended indefinitely from the practice of law.

{¶ 8} Having found that respondent violated DR 1–102(A)(4), 6–101(A)(3), 7–101(A)(2), 9–102(B)(3), and 9–102(B)(4), and Gov.Bar R. V(4)(G), we agree that an indefinite suspension is the appropriate sanction. " 'Neglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation * * * warrant an indefinite suspension from the practice of law in Ohio.' " *Cleveland Bar Assn. v. Judge* (2002), 94 Ohio St.3d 331, 332, 763 N.E.2d 114, quoting *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271.

{¶ 9} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., dissents.

LUNDBERG STRATTON, J., dissents with opinion.

———

LUNDBERG STRATTON, J., dissenting.

{¶ 10} I respectfully dissent. I believe that there is insufficient evidence to support the board's findings of fact and misconduct. Therefore, I would return this cause to the board for further proceedings.

{¶ 11} The board's findings of fact in this case are based on the allegations in the complaint and the affidavits of the bar association's investigator. Although the affidavits are sworn statements, they contain summary, conclusory assessments of misconduct based solely on conversations with the four grievants and are not based upon personal knowledge. Such affidavits are not sufficient evidence to sustain a motion for default judgment under Gov.Bar R. V(6)(F)(1)(b). *Northwestern Ohio Bar Assn. v. Lauber*, 104 Ohio St.3d 121, 2004-Ohio-6237, 818 N.E.2d 687.

{¶ 12} We addressed similar concerns in *Lauber*. The respondent in that case was the subject of a six-count complaint charging him with various violations of the Code of Professional Responsibility. He was served with but failed to respond to the complaint filed by the Northwestern Ohio Bar Association.

{¶ 13} The bar association sought a default judgment. The Board of Commissioners on Grievances and Discipline recommended that Lauber be indefinitely suspended from the practice of law for rule violations based upon six counts of misconduct. The board's findings were based solely upon an investigator's sworn statement. We rejected the summary, conclusory affidavit because it lacked "sufficient weight or probative force to constitute the '[s]worn or certified documentary prima facie evidence' that Gov.Bar R. V(6)(F)(1)(b) requires to

sustain a motion for default." *Lauber*, 104 Ohio St.3d 121, 2004-Ohio-6237, 818 N.E.2d 687, ¶ 3 citing *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 331, 708 N.E.2d 193. We remanded *Lauber* for further proceedings to "includ[e] the submission and consideration of evidence that directly establishes the charges of respondent's misconduct." Id. at ¶ 4.

{¶ 14} I see little distinction between *Lauber* and the present case. Both cases involved a defaulting respondent. In both cases, the relator's evidence consisted entirely of an investigator's affidavit or affidavits containing hearsay and conclusory statements. It is inconsistent for us to remand *Lauber* for further proceedings to develop the record, while summarily accepting the board's findings in *Parker* that are based upon the same type of evidence. I believe that we should also remand *Parker* and require the board to support its findings by sworn or certified documentary evidence.

{¶ 15} I am also troubled by the majority's rejection of the board's findings of 17 other rule violations attributed to Parker though not cited by relator in its motion for default or substantiated with proof. It is inconsistent to agree to some charges of misconduct based upon an insufficient affidavit while rejecting other rule violations as unsubstantiated. I believe that it is confusing for the board and frustrating for the aggrieved complainants for these charges to be summarily dismissed for lack of proof. Clients who file grievances expect the disciplinary process to be properly followed and completed. In addition, these dismissed charges could become relevant in a future disciplinary action as part of a continuing pattern of misconduct or as justification to enhance a penalty.

{¶ 16} I do not agree with the sanction of an indefinite suspension under these circumstances. Therefore, as we did in *Lauber*, I would remand this cause for further proceedings.

---

Thomas M. Kollin, for relator.