NORTHWESTERN OHIO BAR ASSOCIATION *v.* LAUBER.

[Cite as *Northwestern Ohio Bar Assn. v. Lauber,*
104 Ohio St.3d 121, 2004-Ohio-6237.]

(No. 2003–2171—Submitted March 15, 2004—Decided December 8, 2004.)

---

**Per Curiam.**

{¶ 1} Respondent, Robert Charles Lauber of Wauseon, Ohio, Attorney Registration No. 0025035, was admitted to the practice of law in Ohio in 1969. On October 7, 2002, relator, Northwestern Ohio Bar Association, filed a six-count complaint charging respondent with violations of the Code of Professional Responsibility. Respondent was served with the complaint but did not answer, and relator moved for default. See Gov.Bar R. V(6)(F).

{¶ 2} The Board of Commissioners on Grievances and Discipline referred the motion to a master commissioner. The master commissioner granted the motion for default and prepared a report for the board's review. The board adopted the master commissioner's findings that respondent had violated DR 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter) in connection with six counts of misconduct and recommended that respondent be indefinitely suspended from the practice of law in Ohio.

{¶ 3} The board's findings of misconduct were based on an investigator's sworn statement that he had conducted an investigation of the charges against respondent and knew the charges to be true insofar as the motion for default alleged. We do not find this summary, conclusory, and hearsay-filled affidavit of sufficient weight or probative force to constitute the "[s]worn or certified documentary prima facie evidence" that Gov.Bar R. V(6)(F)(1)(b) requires to sustain a motion for default. Correspondingly, this affidavit is not sufficient to sustain relator's burden of proving respondent's alleged violations of DR 6–101(A)(3) by clear and convincing evidence. See Gov.Bar R. V(6)(J) and *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 331, 708 N.E.2d 193.

{¶ 4} Thus, pursuant to our independent review in cases of professional misconduct, *Reid* at paragraph one of the syllabus, we return this cause to the board for further proceedings and findings consistent with our order, including

the submission and consideration of evidence that directly establishes the charges of respondent's misconduct.

Cause remanded.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, J., dissents.

---

James P. Spriggs, Bar Counsel, for relator.