NORTHWESTERN OHIO BAR ASSOCIATION *v.* LAUBER.

[Cite as *Northwestern Ohio Bar Assn. v. Lauber,*
108 Ohio St.3d 143, 2006-Ohio-419.]

(No. 2003–2171—Submitted September 28, 2005—Decided February 15, 2006.)

—————

**Per Curiam.**

{¶ 1} Respondent, Robert Charles Lauber of Wauseon, Ohio, Attorney Registration No. 0025035, was admitted to the Ohio bar in 1969. He is not currently registered to practice law in Ohio. In 1985, we publicly reprimanded respondent for violating DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter) and 7–101(A)(2) (prohibiting a lawyer from intentionally failing to

carry out a contract of employment). *Disciplinary Counsel v. Lauber* (June 12, 1985), Ohio No. DD–85–7.

{¶ 2} On April 8, 2005, we suspended respondent's license to practice law because he failed to comply with continuing legal education requirements. *In re Report of Comm. on Continuing Legal Edn.,* 105 Ohio St.3d 1487, 2005-Ohio-1647, 825 N.E.2d 613.

{¶ 3} On October 7, 2002, relator, Northwestern Ohio Bar Association, filed a complaint charging respondent with six counts of professional misconduct. Respondent was served with a copy of the complaint but did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and a recommendation. The board adopted the finding that respondent had violated DR 6–101(A)(3) and the recommendation.

{¶ 4} When we reviewed the board's recommendation in 2004, we found that the evidence submitted to the board by relator—an affidavit from an investigator alleging that the charges in the complaint were true—was not sufficient to sustain relator's burden of proving the allegations by clear and convincing evidence, as Gov.Bar R. V(6)(F)(2) and V(6)(J) require. Every material fact in attorney disciplinary cases must be supported in the record by sworn testimony from persons with firsthand—not hearsay—knowledge of the facts alleged, and the evidence initially presented to us did not meet that standard. We therefore remanded the case to the board for further proceedings and the consideration of additional evidence. *Northwestern Ohio Bar Assn. v. Lauber,* 104 Ohio St.3d 121, 2004-Ohio-6237, 818 N.E.2d 687, ¶ 4.

{¶ 5} Relator then submitted additional evidence to the board, and a master commissioner appointed by the board again made findings of misconduct and a recommendation, all of which the board adopted. The case is again before us for review of the board's latest recommendation.

## Misconduct

### Count I

{¶ 6} In 1999 and 2000, respondent represented Virginia Lou Davis, the fiduciary and sole beneficiary of the estate of Willis O. Tuggle, in the Fulton County Probate Court. Respondent failed to file a timely accounting report and an inventory for the estate in the probate court, prompting Davis to discharge respondent. Respondent acknowledged to the probate court in August 2000 that he had taken no action on behalf of the estate during the previous 90 days and that his inaction had caused tax complications for the estate.

{¶ 7} The board found that respondent had violated DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter).

## Count II

{¶ 8} In 2000, respondent represented Margaret R. Walter, the fiduciary and sole beneficiary of the estate of Howard E. Walter, in the Fulton County Probate Court. Respondent failed to perform any work on the estate for a ten-month period, despite Margaret Walter's repeated efforts to contact him when she did not receive expected insurance proceeds and pension checks. Because of respondent's neglect of the case, Margaret Walter's medical insurance coverage available through her late husband's former employer lapsed.

{¶ 9} The board found that respondent had violated DR 6–101(A)(3).

## Count III

{¶ 10} When Marian M. Linehan died in September 2000, her will was in respondent's possession. Linehan's daughter and her attorney tried repeatedly to obtain the will from respondent, but he did not reply to their requests. The Fulton County Probate Court ordered respondent to appear in court, where he acknowledged that the will was in his possession. The court ordered him to give it to the attorney for the estate.

{¶ 11} The board found that respondent had violated DR 6–101(A)(3).

## Count IV

{¶ 12} When Curtis Marks died, his will was in respondent's possession. Attorney Brent Winzeler tried without success to obtain the will from respondent. The Fulton County Probate Court ordered respondent to appear in court and to turn over the will to attorney Winzeler.

{¶ 13} The board found that respondent had violated DR 6–101(A)(3).

## Count V

{¶ 14} Respondent represented the estate of Harry D. Hull in the Fulton County Probate Court. Respondent failed to file a timely second partial account for the estate in 2000.

{¶ 15} The board found that respondent had violated DR 6–101(A)(3).

## Count VI

{¶ 16} In May 2000, respondent filed a civil action in the Fulton County Court of Common Pleas. When the trial court held a pretrial conference for the case in August 2000, respondent failed to appear, and the trial court tried unsuccessfully to contact him that day.

{¶ 17} The board found that respondent had violated DR 6–101(A)(3).

### Sanction

{¶ 18} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had committed prior disciplinary offenses, engaged in a pattern of misconduct, committed multiple offenses, failed to cooperate in the disciplinary process, and harmed vulnerable victims. BCGD Proc.Reg. 10(B)(1)(a), (c), (d), (e), and (h). The board cited no mitigating factors, although it noted unverified testimony in the record suggesting that respondent suffers from depression.

{¶ 19} Relator recommended that respondent's license to practice law be indefinitely suspended for his misconduct. The master commissioner and the board accepted this recommendation.

{¶ 20} We agree that respondent has committed multiple violations of DR 6–101(A)(3) as detailed above, and we also agree that an indefinite suspension is appropriate. As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law. *Disciplinary Counsel v. Treneff*, 104 Ohio St.3d 336, 2004-Ohio-6562, 819 N.E.2d 695, ¶ 16.

{¶ 21} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

John Donovan, Bar Counsel, for relator.