TRUMBULL COUNTY BAR ASSOCIATION *v*. KAFANTARIS.

[Cite as *Trumbull Cty. Bar Assn. v. Kafantaris*,

121 Ohio St.3d 387, 2009-Ohio-1389.]

*Attorney misconduct, including conduct involving dishonesty, fraud, deceit, or misrepresentation, conduct prejudicial to the administration of justice, failing to maintain complete records of all funds of a client in lawyer's possession, failing to promptly pay a client all the funds in the lawyer's possession to which the client is entitled — Permanent disbarment.*

(No. 2008-2097 — Submitted January 21, 2009 — Decided April 1, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 07-038.

_____

**Per Curiam**.

{¶ 1} Respondent, George Nicholas Kafantaris of Warren, Ohio, Attorney Registration No. 0009748, was admitted to the practice of law in Ohio in 1981. In 2003, respondent was suspended from the practice of law for one year, with six months of that suspension stayed. *Disciplinary Counsel v. Kafantaris*, 99 Ohio St.3d 94, 2003-Ohio-2477, 789 N.E.2d 192. In a 2008 amended complaint, respondent was charged with three counts of misconduct that alleged 14 separate violations of the Code of Professional Responsibility. Relator, Trumbull County Bar Association, seeks respondent's permanent disbarment, and, after a hearing, a panel of the Board of Commissioners on Grievances and Discipline recommended that same sanction. The board adopted the panel's report in full.

{¶ 2} Respondent would not stipulate to the facts, but in his hearing testimony and in his objections to the board's report, he has admitted to many of relator's charges against him. The earliest misconduct, which is described in

Count Two, arose from client representation that began before respondent's 2003 suspension from the practice of law. Carol J. Williams was hurt in a car accident and hired respondent to represent her. She died of apparently unrelated causes shortly before the claim was settled in October 2002, for $25,000.

{¶ 3} After Williams's death, her daughter, Sylvia May, retained respondent to assist in the administration of her mother's estate. Respondent had May sign a release and endorse the settlement check, which he deposited in a client trust account. Respondent did not, however, disclose the settlement proceeds to the Trumbull County Probate Court. Instead, he began transferring funds from the account for his own use. He continued to misappropriate these funds even while he was on suspension from the practice of law from the earlier disciplinary case.

{¶ 4} Once fund misappropriation was suspected and an investigation began, respondent was largely uncooperative in the disciplinary process. For months, respondent failed to provide account records to relator despite several requests to do so. This failure was ostensibly due in part to the fact that respondent kept virtually no written records for at least some of his client trust accounts.

{¶ 5} Based on these acts, the panel found violations of DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), 7-102(A)(3) (a lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal), 9-102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other property of a client in his possession and render appropriate accounts to his client), and 9-102(B)(4) (a lawyer shall

promptly pay or deliver to the client the funds, securities, and other property in the lawyer's possession to which the client is entitled).

{¶ 6} Count Three arose from respondent's conduct after his 2003 suspension. When respondent was suspended, he was ordered to, among other things, (1) deliver to all active clients any papers or other property pertaining to the clients, (2) refund any unearned fees and account for any trust money or property in his control or possession, and (3) file a notice of disqualification with any court or agency in which he had pending litigation. Respondent, by the order's terms, had 30 days to satisfy these requirements, and upon completion, was to file an affidavit with both the Clerk of the Supreme Court and Disciplinary Counsel, averring that he had done these things.

{¶ 7} On June 19, 2003, respondent signed such an affidavit and later filed it in this court. Respondent, however, had not complied with the terms of the order, despite his sworn statement otherwise. At the time the affidavit was filed, he still retained the proceeds of Williams's settlement and had not filed a notice of disqualification with the Trumbull County Probate Court.

{¶ 8} As a result, the panel found violations of DR 1-102(A)(4), (5), and (6), as well as DR 7-102(A)(3).

{¶ 9} The acts of misconduct in Count One occurred after respondent was reinstated to the practice of law and are similar in character to his misconduct set forth in Count Two. Respondent represented Irene Heasley, a.k.a. Irene Tsikouris, in a domestic matter. In 2006, respondent received from a life insurance company a check payable to Heasley in the amount of $80,000. After Heasley endorsed the check, respondent deposited it into a client trust account.

{¶ 10} Respondent admits that over the next nine months, he repeatedly transferred funds from the account and converted them to his own use. As in the Williams matter, respondent did not keep written records of the client trust account and delayed in providing any account information to relator.

**{¶ 11}** The panel accordingly found violations of DR 1-102(A)(5), 9-102(A)(2) (a lawyer shall maintain client funds in a separate identifiable bank account), and 9-102(B)(3) and (4).

**{¶ 12}** In determining the sanction to recommend, the panel considered the mitigating and aggravating factors involved. Respondent offered the testimony of numerous individuals – mostly his family members – who stated that respondent was a good family man. The panel found that this was entitled to no mitigating weight. It found, on the other hand, that five aggravating factors were present: (1) prior disciplinary offense, (2) dishonest or selfish motives, (3) a pattern of misconduct, (4) lack of cooperation in the disciplinary process, and (5) submission of false evidence or statements or other deceptive practices during the disciplinary process.

**{¶ 13}** The panel recommended permanent disbarment. The board adopted the panel's amended findings of fact, conclusions of law, and recommendation. Respondent filed objections to that report. In his objections, respondent conceded the truthfulness of almost all of relator's charges against him. He disagreed with the finding of dishonest or selfish motive, claiming that it was contradicted by the fact that in both the Heasley and Williams cases, his clients ultimately received all of their money back. Respondent continues to urge that an indefinite suspension of his license rather than permanent disbarment is appropriate.

**{¶ 14}** Upon review, we adopt the board's findings of fact, conclusions of law, and recommended sanction. In *Cleveland Bar Assn. v. Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15, we stated that misappropriation of client funds carried a "presumptive sanction of disbarment." In this case, respondent repeatedly misappropriated funds from two different clients and, amazingly, in one instance continued taking those funds while under suspension.

4

**{¶ 15}** Respondent callously disregarded his client's interests. Furthermore his actions show disrespect for the judicial system as a whole. In his dealings with the Trumbull County Probate Court in the Williams matter, respondent repeatedly failed to disclose to the court the existence of Williams's settlement proceeds. He also failed to file a notice of disqualification with that court after his 2003 suspension despite an express directive from this court to do so. It is most disturbing that one of respondent's first acts after beginning that suspension was to submit to this court an affidavit containing lies and misrepresentations. Permanent disbarment is the only appropriate sanction.

**{¶ 16}** Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Randil J. Rudloff, Bar Counsel, and Curtis J. Ambrosy, for relator.

Mark G. Kafantaris and John Hollister, for respondent.

_____