GREENE COUNTY BAR ASSOCIATION *v.* SAUNDERS.

[Cite as *Greene Cty. Bar Assn. v. Saunders*,

127 Ohio St.3d 241, 2010-Ohio-5708.]

*Attorney misconduct, including failing to comply as soon as practicable with a client's reasonable request for information, failing to act with reasonable diligence in representing a client, and failing to cooperate in a disciplinary investigation — Indefinite suspension.*

(No. 2010-1143 — Submitted September 15, 2010 — Decided November 30, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-004.

_____

**Per Curiam**.

{¶ 1} Respondent, Craig William Saunders, Attorney Registration No. 0071865, whose last known business address is in Dayton, Ohio, was admitted to the practice of law in Ohio in 2000. In November 2009, we imposed an attorney-registration suspension for his failure to file a certificate of registration and pay applicable fees on or before September 1, 2009, in accordance with Gov.Bar R. VI, and on January 25, 2010, we imposed an interim felony suspension based upon his felony conviction. See *In re Saunders*, 123 Ohio St.3d 1475, 1480, 2009-Ohio-5786, 915 N.E.2d 1256, and *In re Saunders*, 124 Ohio St.3d 1435, 2010-Ohio-187, 920 N.E.2d 367.

{¶ 2} On February 8, 2010, relator, Greene County Bar Association, filed a complaint charging respondent with four counts of professional misconduct. When attempts to serve the complaint on respondent by certified mail at multiple addresses failed, relator served them on the Clerk of this court in

accordance with Gov.Bar R. V(11)(B). Because respondent failed to file an answer to the complaint, relator moved for a default judgment on May 13, 2010.

{¶ 3} A master commissioner appointed by the board considered the motion for default and prepared a report containing findings of fact and misconduct and recommending dismissal of multiple charges that were not supported by clear and convincing evidence, including all but one of the alleged violations in Count Four of the complaint. The master commissioner ultimately recommended that respondent be indefinitely suspended for his misconduct.

{¶ 4} The board adopted the master commissioner's report, including the recommended sanction, and dismissed those charges that were not supported by sufficient sworn or certified documentary prima facie evidence. See Gov.Bar R. V(6)(F)(1)(b) and V(6)(K). We agree that respondent has committed professional misconduct as found by the master commissioner and the board and that an indefinite suspension is warranted.

**Misconduct**

{¶ 5} The chairman of the Greene County Bar Association Certified Grievance Committee investigated four complaints against respondent in 2009. He averred that the committee had sent letters of inquiry to respondent regarding the grievances underlying each of the four counts of the complaint. Although the postal service did not return as undeliverable any of the letters, respondent failed to respond to relator's inquiries.

*Count One*

{¶ 6} A husband and wife hired respondent to assist them in estate-planning matters. Respondent prepared the necessary documents but kept them in his possession. In November 2008, the couple asked respondent to forward the documents to another attorney. Their son also contacted respondent seeking release of the documents. When respondent did not comply with these requests, the son filed a grievance on the couple's behalf. Because respondent never

provided the documents, the clients had to have another attorney prepare new documents.

{¶ 7} Based upon these facts, the master commissioner and board found that respondent had violated Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep his client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation).

*Count Two*

{¶ 8} In January 2009, another man retained respondent to represent him in his divorce and paid him $1,500 for his services. Although the client attempted to call on at least 50 occasions, respondent did not return the calls or provide the client with copies of any documents filed in the case. Respondent also failed to attend scheduled court proceedings, including the final divorce hearing. Because the client did not have the funds to hire another attorney, he had no choice but to represent himself.

{¶ 9} The master commissioner and board concluded that respondent's conduct with respect to this count violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3), and 8.1(b).

*Count Three*

{¶ 10} In March 2007, a woman hired respondent, who was the attorney of record for her deceased father's estate, to prepare her father's 2006 income tax returns. Respondent did not return her phone calls, even when the client attempted to contact him at the Xenia Municipal Court, where he worked as an assistant prosecuting attorney. On one occasion, when the client was able to reach respondent, he advised her that he had requested an extension of time for filing the tax return and that she would not have to pay a penalty—statements that

the client avers are not true. The client eventually retained an accountant to prepare the necessary tax returns and another attorney to finalize her father's estate.

{¶ 11} The master commissioner and the board determined that respondent's conduct with respect to this count violated Prof.Cond.R. 1.4(a)(2) (requiring a lawyer to reasonably consult with his client about the means by which the client's objectives are to be accomplished), 1.4(a)(3), 1.4(a)(4), and 8.1(b).

*Count Four*

{¶ 12} Count Four of relator's complaint is based on respondent's alleged neglect of another client matter. The board, however, dismissed all but one of the charges in this count because, rather than submitting an affidavit of the grievant, relator submitted an affidavit of the grievant's new counsel, who did not have personal knowledge of the facts. See *Dayton Bar Assn. v. Sebree*, 104 Ohio St.3d 448, 2004-Ohio-6560, 820 N.E.2d 318, ¶ 9 ("A motion for default in a disciplinary proceeding supported only by summary, conclusory, and hearsay-filled affidavits is not supported by the prima facie evidence of misconduct required by Gov.Bar R. V(6)(F)"). Nonetheless, based upon the affidavit of the chairman of the certified grievance committee, the board concluded that respondent's failure to respond to the investigation of this grievance violated Prof.Cond.R. 8.1(b).

**Sanction**

{¶ 13} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on

Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 14} As aggravating factors, the board found that respondent has committed prior disciplinary offenses, acted with a dishonest or selfish motive, engaged in a pattern of misconduct involving multiple offenses, failed to cooperate in the disciplinary process, and caused harm to vulnerable clients. BCGD Proc.Reg. 10(B)(1)(a), (b), (c), (d), (e), and (h). No mitigating factors were found.

{¶ 15} We have recognized that an attorney's neglect of an entrusted legal matter and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension. *Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10; *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19.

{¶ 16} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's findings of fact, conclusions of law, and recommended sanction.

{¶ 17} Accordingly, Craig William Saunders is indefinitely suspended from the practice of law in the state of Ohio. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, AND CUPP, JJ., concur.

_____

David R. Miles, for relator.

_____