GREENE COUNTY BAR ASSOCIATION *v.* SAUNDERS.

[Cite as *Greene Cty. Bar Assn. v. Saunders*,

**132 Ohio St.3d 29, 2012-Ohio-1651.]**

*Attorneys—Misconduct—Multiple violations of Code of Professional Responsibility, including misappropriation of client funds—Permanent disbarment.*

(No. 2011-1460—Submitted October 18, 2011—Decided April 17, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-091.

_____

**Per Curiam**.

{¶ 1}   Respondent, Craig William Saunders, whose last known address is in Dayton, Ohio, Attorney Registration No. 0071865, was admitted to the practice of law in Ohio in 2000.  We suspended his license on November 3, 2009, for his failure to register as an attorney for the 2009-2011 biennium.  *In re Attorney Registration Suspension of Saunders*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256.

{¶ 2}   On December 7, 2009, relator, Greene County Bar Association, filed a complaint charging respondent with professional misconduct arising from his neglect of several client matters, conversion of client funds, and dishonesty, fraud, deceit, and misrepresentation, as well as his failure to respond to the ensuing disciplinary investigations.  When attempts to serve the complaint on respondent by certified mail at multiple addresses failed, relator served it on the clerk of this court in accordance with Gov.Bar R. V(11)(B).

{¶ 3}   During the pendency of this action, we have suspended Saunders's license to practice for an interim period pursuant to Gov.Bar R. V(5)(A)(4) based

on information that he had been convicted of a felony. *In re Saunders*, 124 Ohio St.3d 1435, 2010-Ohio-187, 920 N.E.2d 367. And we have indefinitely suspended Saunders for neglect, failure to reasonably communicate, and failure to respond to relator's inquiries about several client grievances in an unrelated case. *Greene Cty. Bar Assn. v. Saunders*, 127 Ohio St.3d 241, 2010-Ohio-5708, 938 N.E.2d 352.

{¶ 4} Because respondent has failed to file an answer to relator's complaint in this action, relator moved for a default judgment on April 12, 2010. A master commissioner appointed by the Board of Commissioners on Grievances and Discipline found that relator's evidence, consisting of affidavits from the grievants and copies of documents, was sworn or certified as required by Gov.Bar R. V(6)(F)(1)(b). Based upon that evidence, the master commissioner granted relator's motion for default, made findings of fact and misconduct, and recommended that respondent be permanently disbarred from the practice of law. The board adopted the master commissioner's findings of fact and misconduct, except that the board dismissed an alleged violation of Prof.Cond.R. 1.3. Nonetheless, the board adopted the master commissioner's recommended sanction. Except as noted below, we adopt the board's findings of fact and misconduct, and we disbar Saunders from the practice of law in Ohio.

**Misconduct**

{¶ 5} In its complaint, relator alleges that Saunders has committed 27 violations of the Code of Professional Responsibility and the Rules of Professional Conduct in his representation of four clients, including the city of Xenia, where he served as an assistant prosecutor.

*Count One*

{¶ 6} In the first count, the master commissioner and board found that respondent converted more than $40,000 that his client, Sue K. Johnston, had entrusted to him in 2005 to pay taxes due on her mother's estate. Despite

Saunders's assurances that the taxes had been paid, the Ohio Department of Taxation informed Johnston in 2008 that no tax return had been filed and that $45,806.75 in taxes, interest, and penalties remained unpaid. Johnston tried without success to discuss the matter with Saunders. She retained new counsel and paid the taxes herself.

{¶ 7} Finding that Saunders's conduct occurred before February 1, 2007, the effective date of the Ohio Rules of Professional Conduct, the master commissioner and board concluded that the Code of Professional Responsibility applied. Accordingly, they recommend that a number of alleged violations of the Rules of Professional Conduct be dismissed: they found that Saunders violated only DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 6-101(A)(3) (prohibiting neglect of an entrusted legal matter), 7-101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of his client), and 9-102(E)(1) (requiring a lawyer to maintain funds of clients or other third parties in a separate interest-bearing account).

{¶ 8} We agree that relator has clearly and convincingly proven the alleged violations of DR 1-102(A)(4), 6-101(A)(3), 7-101(A)(1), and 9-102(E)(1). And in accordance with the board's recommendation, we hereby dismiss the alleged violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(1) through (4) (requiring a lawyer to reasonably communicate with the lawyer's client and comply with the client's reasonable request for information), 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct), 8.4(c) (prohibiting a lawyer from engaging in conduct

3

involving dishonesty, fraud, deceit, or misrepresentation), (d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

*Count Two*

{¶ 9}  Saunders was hired to file a lawsuit on behalf of Mildred Barreno. Barreno stated that she attempted to contact respondent on several occasions, that he never returned her phone calls, and that he later sent her a check for $1,340 without explanation.[1]

{¶ 10} Based upon the foregoing, the master commissioner and board found that Saunders violated DR 1-102(A)(4), 6-101(A)(3), and 7-101(A)(1).  We agree that respondent's failure to pursue the action to a conclusion that had the consent of his client is an intentional failure to seek the lawful objectives of his client and that his failure to return her phone calls or explain the disposition of her case and to keep her informed constitutes both neglect and deceit.  Therefore, we find that Saunders's conduct violated DR 1-102(A)(4), 6-101(A)(3), and 7-101(A)(1).

*Count Three*

{¶ 11} In a third case, the Greene County Probate Court discovered that a fiduciary's account filed on March 10, 2005, showed that money had been deposited with Saunders for the payment of estate taxes.  Four years later, the court directed respondent to finalize the account, but he did not do so.

{¶ 12} Relator alleged that respondent converted approximately $2,500 from this estate.  Because the amount respondent was fined when he was convicted of two counts of theft nearly matched the sum of the money allegedly converted by Saunders in this estate and the money converted in count one, the

---

1. The sworn and certified exhibits do not establish either that respondent filed a complaint or, if the complaint was filed, the reason that it was dismissed.

master commissioner and the board concluded that Saunders's theft convictions related to the conduct alleged in this count and in count one of relator's complaint. Although it appears likely that respondent's convictions are related to this conduct, because the judgment of conviction does not identify the underlying facts and there is not a certified copy of the indictment against respondent in the record or an affidavit from a person with personal knowledge of the case, there is not sufficient evidence to infer that the convictions and the misconduct are related. The remaining sworn or certified exhibits presented to the master commissioner do not show that respondent converted funds from this estate. Therefore, we cannot adopt the board's finding that respondent violated DR 1-102(A)(4).

{¶ 13} Based on the finding that respondent failed to finalize the account as ordered by the probate judge, the master commissioner and board found, and we agree, that Saunders violated DR 6-101(A)(3).

*Count Four*

{¶ 14} With respect to the fourth and final count, the master commissioner found that in 2009 and while serving as an assistant prosecutor for the city of Xenia, Saunders failed to file a brief in opposition to a criminal defendant's appeal and lied to a government official about this failure. Based upon this conduct and Saunders's failure to respond to the ensuing disciplinary investigation, the master commissioner found that Saunders had violated Prof.Cond.R. 1.3, 8.1(b), 8.4(a), 8.4(c), 8.4(d), and 8.4(h).

{¶ 15} The board adopted these findings of fact but dismissed the alleged violation of Prof.Cond.R. 1.3 without explanation. We have previously rejected summary, conclusory assessments of misconduct that were based solely on conversations with grievants and that were not based upon the affiant's personal knowledge as insufficient to constitute the sworn or certified documentary prima facie evidence required to support a motion for default in attorney disciplinary

matters. *See* Gov.Bar R. V(6)(F)(1)(b); *Dayton Bar Assn. v. Sebree*, 104 Ohio St. 3d 448, 2004-Ohio-6560, 820 N.E.2d 318, ¶ 6-8, citing *Northwestern Bar Assn. v. Lauber*, 104 Ohio St.3d 121, 2004-Ohio-6237, 818 N.E.2d 687. And many of the averments set forth in the affidavit relator has submitted in support of this count are hearsay. Likewise, we find that the January 16, 2009 decision of the Second District Court of Appeals referring to the state's failure to file a brief does not identify Saunders as counsel of record for the plaintiff-appellee and therefore cannot establish that he was the attorney responsible for the state's failure to file an appellate brief. We also point out that the copy of the appellate court's opinion presented to the master commissioner was not a certified copy.

{¶ 16} We adopt the board's findings of fact and misconduct with respect to this count with one exception. Because there is no evidence to show that it was Saunders's responsibility to file the appellate brief in this client matter or that he knew that the brief had not been filed, we cannot find that he engaged in dishonesty, fraud, deceit, or misrepresentation when he advised a government official that the brief had been filed. Therefore, we adopt the board's recommendation to dismiss the alleged violations of Prof.Cond.R. 1.3 and also dismiss the alleged violation of Prof.Cond.R. 8.4(c).

### Sanction

{¶ 17} In recommending a sanction, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. Aggravating factors found by the board include Saunders's prior disciplinary record, dishonest or selfish motive, pattern of misconduct involving multiple offenses, lack of cooperation in the disciplinary process, and vulnerability of and resulting harm to the victims of the misconduct. *See* BCGD Proc.Reg. 10(B)(1)(a) through (e), (h). Saunders has not made restitution to Johnston. *See*

BCGD Proc.Reg. 10(B)(1)(i). The board found that no mitigating factors were present. *See* BCGD Proc.Reg. 10(B)(2).

{¶ 18} The master commissioner and board recommend that Saunders be permanently disbarred from the practice of law in Ohio. In support of this recommendation, they cite the seriousness and wide-ranging nature of Saunders's misconduct, which included the misappropriation of more than $40,000 of client funds, and the presence of significant aggravating factors, which included the indefinite suspension imposed by this court in November 2010 for his neglect of client matters, conversion of client funds, dishonesty, fraud, deceit, and misrepresentation, and his failure to respond to the ensuing disciplinary investigations.

{¶ 19} Disbarment is the presumptive sanction for the misappropriation of client funds. *Trumbull Cty. Bar Assn. v. Kafantaris*, 121 Ohio St.3d 387, 2009-Ohio-1389, 904 N.E.2d 875, ¶ 14, citing *Cleveland Bar Assn. v. Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15. In light of respondent's pattern of misconduct, including the misappropriation of more than $40,000 in client funds, his complete disregard for the disciplinary process, and the indefinite suspension we imposed in November 2010 for unrelated misconduct, we agree that permanent disbarment is warranted.

{¶ 20} Accordingly, Craig William Saunders is permanently disbarred from the practice of law in the state of Ohio. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

David Miles, for relator.

_____