**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. Magee,* **Slip Opinion No. 2018-Ohio-3268.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3268

COLUMBUS BAR ASSOCIATION *v.* MAGEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Magee,* Slip Opinion No. 2018-Ohio-3268.]**

*Attorneys—Misconduct—Presumptive sanction for misappropriation of client funds is disbarment—Respondent disbarred.*

(No. 2017-1737—Submitted January 24, 2018—Decided August 16, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-050.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Neal Hall Magee II, of Columbus, Ohio, Attorney Registration No. 0001214, was admitted to the practice of law in Ohio in 1966.

**{¶ 2}** In a complaint certified to the Board of Professional Conduct on November 3, 2016, relator, Columbus Bar Association, alleged that Magee violated multiple provisions of the Rules of Professional Conduct while serving as guardian

of a client's property and trustee of an inter vivos trust that he had drafted for that client. The parties submitted stipulated facts and exhibits, and Magee agreed that he had failed to act with reasonable diligence in representing his client, had knowingly disobeyed an obligation under the rules of a tribunal, and had failed to cooperate in the ensuing disciplinary investigation. The parties jointly recommended that Magee be disbarred for those violations. Relator declined to dismiss six additional alleged violations.

{¶ 3} Magee did not attend the hearing before a panel of the board to consider the charges, but he was represented by counsel. The panel issued a report in which it found that Magee had committed all the charged misconduct. It recommended not only that Magee be disbarred, but that he be ordered to make restitution in excess of $300,000 to the various entities harmed by his misconduct. The board adopted the panel's report in its entirety.

{¶ 4} We adopt the board's findings of fact and misconduct, order Magee to make restitution in the aggregate amount of $312,899.47, and permanently disbar him from the practice of law in Ohio.

**Misconduct**

{¶ 5} In March 2008, Magee drafted the Bruce Family Revocable Living Trust for his client, Dr. William A. Bruce. The trust provided that upon Bruce's death, the remaining trust property was to be distributed free of trust, 75 percent to Nationwide Children's Hospital Foundation ("NCHF") and 25 percent to Goucher College. The trust designated Bruce as the initial trustee and provided that upon his disability or death, Magee would serve as the successor trustee. Sometime after executing the trust, Bruce moved to a senior living facility in Delaware.

{¶ 6} On February 3, 2010, the Delaware Court of Chancery adjudicated Bruce incompetent and appointed his brother as guardian of Bruce's person and Magee as guardian of Bruce's property. The court also authorized Magee to transfer any assets remaining in the sole name of Bruce to the trust and to

"administer the assets of William A. Bruce in accordance with the terms of the Trust." The court ordered Magee to file an inventory within 30 days, and an audited accounting of the guardianship and trust assets within six months and annually thereafter and to forward copies of those accountings to the beneficiaries of the trust.

{¶ 7} Magee timely submitted a letter and documents titled "Inventory of William A. Bruce" to the chancery court, accompanied by partial statements for a trust checking account and two investment services. A court-appointed accounting firm reviewed the receipts and disbursements for the trust and the guardianship assets from February 1 through June 30, 2010. The firm's August 2010 report to the court noted just two exceptional expenses, both of which had been approved by the chancery court.

{¶ 8} On October 1, 2010, Magee executed an amendment to the trust that added his adult children as successor trustees and deleted the provision for the outright distribution of the balance of the trust assets, free of trust, to the beneficiaries upon Bruce's death. Instead, the amendment stated that the "Trustee, at his discretion, shall pay to the Beneficiaries an amount not less than five (5%) percent of the balance of the Trust Estate as of December 31 of the preceding year" and thus provided that the trust assets would remain in the trust indefinitely. Magee did not request or obtain the chancery court's permission to amend the trust, believing that a power of attorney executed by Bruce granted him the authority to do so.

{¶ 9} Ten months after submission of the audited trust accounting and eight months after he amended the trust, Magee sent a letter to NCHF introducing himself as trustee of the trust, apologizing for his failure to timely forward a copy of the trust accounting, and promising that he would send future reports on a timely basis. The letter also stated, "Dr. and Mrs. Bruce had no children so charities are the beneficiaries of their monies. Distribution will be made after his death."

{¶ 10} Bruce died in Florida on October 31, 2012. As guardian of Bruce's property, Magee filed a final accounting of Bruce's assets with the chancery court in December 2012. The court terminated the guardianship on February 1, 2013.

{¶ 11} The chancery court's order appointing Magee as guardian of Bruce's property had set the fee for Magee's services as trustee at 1 percent of the value of the trust assets as determined annually on December 31st for the following year. It also provided for payment of legal fees only to a specific law firm and to Bruce's guardian ad litem. It made no provision for the payment of legal fees to Magee. Yet Magee paid himself at least $148,839.13 in trustee fees from the trust assets between February 2009 and September 2013—usually in amounts between $1,000 and $1,500 every few weeks. He also paid himself legal fees of $34,310.21 between 2011 and 2013 without the chancery court's approval. Furthermore, Magee transferred $682,821.05 in additional funds from the trust's accounts to his personal accounts between January 2009 and May 2013.

{¶ 12} On May 22, 2013, Magee sent a letter informing NCHF that the trust had securities holdings of $2,132,439 and advising that the trust's funds were held in a trust checking account with a balance of $40,095.55. He failed to disclose that more than $442,000 had been transferred from the trust to his personal accounts just days before he sent the letter. Magee failed to respond to NCHF's request, made pursuant to R.C. 5808.13, for a copy of a trustee's report and in August 2013, NCHF and Goucher College signed a notice removing him as trustee and removing his children as successor trustees.

{¶ 13} On August 23, 2013, Magee appeared in Wetzel County, West Virginia, and executed documents to appoint himself executor of Bruce's estate. He then executed a fiduciary deed as "Neal H. Magee II, Executor, of the Estate of William A. Bruce" to transfer Bruce's interest in certain Wetzel County property into the trust. Fifth Third Bank was named successor trustee of the trust on August 27, 2013. On September 6, 2013, Magee executed another fiduciary deed, falsely

signing as trustee for the trust and transferring the Wetzel County property to himself as the executor of Bruce's estate. At the time of Magee's disciplinary hearing in September 2017, the Wetzel County property remained titled in his name as the executor of Bruce's West Virginia estate, and Magee provided no evidence that he had informed the successor trustee about the existence of that property or the pending probate proceeding.

{¶ 14} When Magee was removed as the trustee, the trust had assets valued at approximately $2.6 million, and Magee ultimately transferred $2,597,294 to the bank appointed as successor trustee by the beneficiaries. But a $424,595.11 check that Magee issued to the trust from his personal checking account on October 31, 2013, was returned by the bank for insufficient funds. Shortly thereafter, Magee sent a fabricated "statement" to the beneficiaries purporting to show a Scottrade trust account with a balance of $424,595.11—in an apparent attempt to conceal the fact that those funds had been transferred from the trust to his personal bank accounts while he served as the trustee.[1] Subsequently, Magee remitted a $424,500 cashier's check to the trust.

{¶ 15} Magee did not respond to a letter from counsel for NCHF advising him that his purported accounting was not sufficient and requesting records documenting the trust's holdings. Therefore, on January 24, 2014, the trust beneficiaries filed a complaint in the Franklin County Probate Court to compel Magee to furnish a trust report as required by R.C. 5808.13(C) and the express

---

1. That document was a plain piece of paper stating:

William A. Bruce Trust

| | |
|---|---|
| Amount transferred to Scotttrade | $423,216.28 |
| Securities Purchased | (372,529.74) |
| Proceeds from Sale | 367,307.51 |
| Dividends Received | 6,601.06 |
| | |
| Account Balance | $424,595.11 |

provisions of the trust. After Magee failed to file a responsive pleading, the court granted the beneficiaries' motion for default judgment and ordered him to provide the trust report within 30 days. The court later found Magee in contempt of that order and appointed an accounting firm to prepare and submit a forensic accounting for the trust at his expense for the period of March 3, 2008, to March 28, 2014.

{¶ 16} Although Magee paid only $5,000 of the accounting firm's $7,500 retainer, the firm commenced its work. Magee failed to respond to the firm's request that he submit additional documentation. Therefore, it was impossible for the firm to provide a complete accounting.

{¶ 17} On November 24, 2014, the firm issued a report. It indicated that in addition to legal fees of $34,310.21 and trustee's fees of $148,839.13, Magee had withdrawn approximately $514,000 from various trust accounts—including the transfer of more than $442,000 directly to his personal bank accounts. While acknowledging that Magee had returned $424,500 to the trust, the forensic accountant reported that Magee had withdrawn approximately $89,000 more that remained unaccounted for and that she had been unable to track another 116 material transactions for which Magee had provided no supporting documentation.

{¶ 18} Magee did not appear for the hearing on the beneficiaries' subsequent motion to show cause. On June 15, 2015, the probate court adopted the magistrate's decision, granted the motion, and ordered Magee to pay $20,765 to the forensic accountant, $21,225.78 to counsel for Goucher College, $40,264.80 to counsel for NCHF, and restitution of $89,000 to the trust within 45 days from the date of the entry. Magee has not complied with any of those orders, but after the accounting firm executed a covenant not to sue him, Magee paid the firm $2,076.50.

{¶ 19} In addition to the forensic accounting prepared for the probate proceeding, the relator and Magee submitted numerous bank statements as stipulated exhibits in this disciplinary proceeding. Those statements confirmed all but one of the fund transfers from the trust to Magee identified by the accountant

as being "other" than legal or trustee fees. The statements also revealed additional fund transfers that were not identified in the forensic accounting, including $170,000 from the trust to Magee's personal accounts and $90,000 from Magee's accounts to the trust. Thus, pursuant to the stipulated exhibits, the board found that in addition to the legal and trustee fees that Magee had paid himself, he had received an additional $168,321.05 from the trust that has not been reimbursed.

**{¶ 20}** Based on its findings that Magee failed to provide complete and accurate accountings to the trust beneficiaries and disobeyed orders of the chancery and probate courts, the board found that Magee had violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal).

**{¶ 21}** The board also found that by paying himself attorney fees and trustee fees in excess of those authorized by the chancery court while simultaneously misappropriating funds from the trust and engaging in activities to conceal that misappropriation, Magee violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee) and 1.7(a)(2) (prohibiting representation if a lawyer's personal interests will materially limit his ability to carry out appropriate action for the client).

**{¶ 22}** And because Magee repeatedly failed to produce requested documents with potential evidentiary value, amended the trust for self-serving reasons after the grantor had been declared incompetent, misappropriated trust funds, created and submitted fraudulent documentation to conceal that misappropriation, and falsely represented himself to a court as the trustee following his removal from that position, the board also found that he violated Prof.Cond.R. 3.4(a) (prohibiting a lawyer from unlawfully altering, destroying, or concealing a document or other material having potential evidentiary value), 3.4(b) (prohibiting a lawyer from falsifying evidence), 8.4(c) (prohibiting a lawyer from engaging in

conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 23} In addition, the board found that Magee's failure to respond to relator's letters of inquiry regarding the August 2015 grievance filed against him and his failure to comply with a December 2015 subpoena duces tecum for financial records related to the trust until he appeared for a September 18, 2017 deposition violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(9)(G) (both requiring a lawyer to cooperate with a disciplinary investigation).

{¶ 24} We adopt these findings of fact and misconduct.

**Sanction**

{¶ 25} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 26} The board found seven aggravating factors, including Magee's dishonest or selfish motive, his pattern of misconduct, his multiple offenses, his lack of cooperation in the disciplinary process, the vulnerability of and resulting harm to victims of the misconduct, and his failure to make full restitution. *See* Gov.Bar R. V(13)(B)(1), (2), (3), (4), (5), (8) and (9). His absence of a prior disciplinary record is the only mitigating factor present. *See* Gov.Bar R. V(13)(C)(1).

{¶ 27} The parties have stipulated and the board has found that the appropriate sanction for Magee's misconduct is permanent disbarment. The board also recommends that we order Magee to make restitution in an aggregate amount of $312,899.47 to the entities harmed by his misconduct.

{¶ 28} We have stated that the presumptive sanction for the misappropriation of client funds is disbarment. *See*, *e.g.*, *Cleveland Bar Assn. v.*

8

*Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15. And in *Cincinnati Bar Assn. v. Sanz*, 128 Ohio St.3d 373, 2011-Ohio-766, 944 N.E.2d 674, ¶ 12-13, we permanently disbarred an attorney who, like Magee, had misappropriated trust funds while he served as a trustee and failed to respond to the beneficiaries' repeated requests for an accounting. We therefore agree that the facts of this case warrant permanent disbarment.

**{¶ 29}** Accordingly, Neal Hall Magee II is permanently disbarred from the practice of law in Ohio and is ordered to make restitution to be paid as follows:

- $168,321.05 to Fifth Third Bank as successor trustee of the Bruce Family Revocable Living Trust, as and for trust funds misappropriated by Magee;
- $34,310.21 to Fifth Third Bank as successor trustee of the Bruce Family Revocable Living Trust, as and for disgorgement of attorney fees;
- $30,089.13 to Fifth Third Bank as successor trustee of the Bruce Family Revocable Living Trust, as and for disgorgement of excessive and unauthorized trustee's fees;
- $21,225.78 to Goucher College c/o Vorys, Sater, Seymour & Pease, L.L.P., as reimbursement of Goucher's attorney fees under the June 15, 2015 order of the Franklin County Probate Court in case No. 564621A;
- $40,264.80 to Nationwide Children's Hospital Foundation c/o Vorys, Sater, Seymour & Pease, L.L.P., as reimbursement of the foundation's attorney fees under the June 15, 2015 order of the Franklin County Probate Court in case No. 564621A;
- $18,688.50 to Groner, Boyle & Quillin, L.L.P., for the remaining balance of the firm's forensic accounting fee for the Bruce Family Revocable Living Trust under the June 15, 2015 order of the Franklin County Probate Court in case No. 564621A.

**{¶ 30}** Costs are taxed to Magee.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Lori J. Brown, Bar Counsel, and A. Alysha Clous and Kelly C. Patton, Assistant Bar Counsel; and Levy & Associates, L.L.C., and Yale R. Levy, for relator.

The Mirman Law Firm, L.L.C., and Joel H. Mirman, for respondent.

_____