OFFICE OF DISCIPLINARY COUNSEL *v.* SIMECEK.

[Cite as *Disciplinary Counsel v. Simecek* (1998), 83 Ohio St.3d 320.]

(No. 98–717—Submitted May 27, 1998—Decided September 30, 1998.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Lori J. Brown,* Assistant Disciplinary Counsel, for relator.

*David J. Simecek, pro se.*

**Per Curiam.** We adopt the findings of fact of the board and its conclusion that respondent violated DR 9–102, 1–102(A)(4), and 1–102(A)(6). We do not adopt, however, the conclusion of the board that respondent violated DR 6–101(A)(1), (2), and (3). The panel reached this latter conclusion after it reviewed the evidence presented to it, and the board rationalized the panel's action by reference to its own procedural regulation, Section 1(A). To the extent that this regulation authorizes the addition of misconduct charges after the record is closed, we find that it fails to pass the test of procedural due process.

The panel's and board's actions are similar to those proscribed by the United States Supreme Court in *In re Ruffalo* (1968), 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117. In that case, a lawyer disciplinary board added an additional misconduct charge after it heard the testimony against an attorney. The Supreme Court of the United States said that in a disciplinary proceeding, a lawyer "is entitled to procedural due process, which includes fair notice of the charge." *Id.* at 550, 88 S.Ct. at 1226, 20 L.Ed.2d at 122. The court said that "[t]he charge must be known before the proceedings commence. They become a trap when, after they are under way, the charges are amended on the basis of testimony of the accused. He can then be given no opportunity to expunge the earlier statements and start afresh." *Id.* at 551, 88 S.Ct. at 1226, 20 L.Ed.2d at 122. The court held, "The absence of fair notice as to the reach of the grievance procedure and the precise nature of the charges deprived petitioner of procedural due process." *Id.* at 552, 88 S.Ct. at 1226, 20 L.Ed.2d at 123. On similar facts, we so hold in this case.

Nevertheless, respondent's violations of DR 9–102, 1–102(A)(4), and 1–102(A)(6) are serious enough to support the recommendation of the board. As we said in *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d

237, 240, "When an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." Only in exceptional circumstances have we deviated from this standard. Respondent is therefore suspended from the practice of law for six months with the entire suspension stayed provided he not engage in the practice of law unless he does so under the guidance of a mentor selected by relator.

Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.