**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 320.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* SIMECEK.

[Cite as *Disciplinary Counsel v. Simecek*, 1998-Ohio-92.]

*Attorneys at law—Misconduct—Six-month suspension with entire sanction stayed on conditions—Failing to maintain client funds in an identifiable bank account—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law.*

(No. 98-717—Submitted May 27, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-10.

———————————

{¶ 1} On February 18, 1997, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent, David J. Simecek of Wadsworth, Ohio, Attorney Registration No. 0024035, withdrew money from a client's trust without authorization and failed to return it, and thereby violated DR 9-102 (failing to maintain client funds in an identifiable bank account), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in conduct adversely reflecting upon an attorney's ability to practice law). Respondent answered and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} After receiving stipulations and hearing the testimony offered by the parties, the panel found that respondent prepared a trust agreement which was signed by Louise G. Crow on June 19, 1992. The trust agreement designated Louise G. Crow as trustee and Helen Lemermeier as successor trustee of the Crow trust. In March 1993, Diane J. Smith was named the guardian of her aunt, Louise G. Crow, and in April 1993, she applied for and received a probate court order

restraining Lemermeier and respondent from making any withdrawals from the trust. Nevertheless, respondent prepared and had Lemermeier sign a "Delegation of Powers" on July 12, 1993, which delegated to respondent all the trustee's powers with respect to the trust, and then, purportedly to pay himself for unreimbursed legal fees, respondent withdrew $8,000 from the bank account of the trust on July 16, 1993 and $2,000 from the trust on July 22, 1993. Respondent, however, could present no evidence to the probate court that Crow had agreed to pay him $10,000 from the trust.

{¶ 3} In April 1996, the second successor trustee of the Crow trust, Second National Bank of Warren, obtained a judgment against respondent for $10,000 for withdrawals from the trust without authorization. Respondent then filed personal bankruptcy and the judgment was discharged.

{¶ 4} The panel concluded that respondent's actions in paying himself from the assets of the trust without authorization not only violated the Disciplinary Rules as charged, but also violated DR 6-101(A)(1) (handling a legal matter which he knows he is not competent to handle without associating with a lawyer who is competent to handle the matter), 6-101(A)(2) (handling a legal matter without adequate preparation), and 6-101(A)(3) (neglecting an entrusted legal matter). The panel noted that respondent testified that he intended to retire completely from the practice of law within one year. It recommended that respondent be suspended for six months with the entire suspension stayed provided he not be permitted to practice except under the guidance of a mentor. The board adopted the findings and conclusions of the panel determining that the violations of DR 6-101(A)(1), (2), and (3) were appropriate because Section 1(A) of the Rules and Regulations Governing Procedure on Complaints and Hearings before the Board of Commissioners on Grievances and Discipline of the Supreme Court provides that "[t]he panel and Board shall not be limited to the citation to the disciplinary rule(s)

in finding violations based on all the evidence." The board then adopted the recommendation of the panel.

————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*David J. Simecek, pro se.*

————————————

*Per Curiam.*

{¶ 5} We adopt the findings of fact of the board and its conclusion that respondent violated DR 9-102, 1-102(A)(4), and 1-102(A)(6). We do not adopt, however, the conclusion of the board that respondent violated DR 6-101(A)(1), (2), and (3). The panel reached this latter conclusion after it reviewed the evidence presented to it, and the board rationalized the panel's action by reference to its own procedural regulation, Section 1(A). To the extent that this regulation authorizes the addition of misconduct charges after the record is closed, we find that it fails to pass the test of procedural due process.

{¶ 6} The panel's and board's actions are similar to those proscribed by the United States Supreme Court in *In re Ruffalo* (1968), 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117. In that case, a lawyer disciplinary board added an additional misconduct charge after it heard the testimony against an attorney. The Supreme Court of the United States said that in a disciplinary proceeding, a lawyer "is entitled to procedural due process, which includes fair notice of the charge." *Id*. at 550, 88 S.Ct. at 1226, 20 L.Ed.2d at 122. The court said that "[t]he charge must be known before the proceedings commence. They become a trap when, after they are under way, the charges are amended on the basis of testimony of the accused. He can then be given no opportunity to expunge the earlier statements and start afresh." Id. at 551, 88 S.Ct. at 1226, 20 L.Ed.2d at 122. The court held, "The absence of fair notice as to the reach of the grievance procedure and the precise nature of the

charges deprived petitioner of procedural due process." *Id*. at 552, 88 S.Ct. at 1226, 20 L.Ed.2d at 123. On similar facts, we so hold in this case.

{¶ 7} Nevertheless, respondent's violations of DR 9-102, 1-102(A)(4), and 1-102(A)(6) are serious enough to support the recommendation of the board. As we said in *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240, "When an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." Only in exceptional circumstances have we deviated from this standard. Respondent is therefore suspended from the practice of law for six months with the entire suspension stayed provided he not engage in the practice of law unless he does so under the guidance of a mentor selected by relator.

{¶ 8} Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____