[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 331.]

CLEVELAND BAR ASSOCIATION *v.* JUDGE.

[Cite as *Cleveland Bar Assn. v. Judge*, 2002-Ohio-886.]

*Attorneys at law—Misconduct—Indefinite suspension—Exhibiting a cavalier attitude towards the representation of clients and the ensuing disciplinary investigation.*

(No. 01-1856—Submitted November 28, 2001—Decided February 20, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-69.

————————

*Per Curiam.*

{¶ 1} In August 1996, Brian Costa retained respondent, Thomas J. Judge[1] of Cleveland, Ohio, Attorney Registration No. 0024839, to represent him on a claim for Social Security disability benefits. Thereafter, despite repeated attempts by Costa to contact respondent concerning his claim, and after respondent's office claimed that Costa's file had been lost, respondent failed to respond. In addition, other than filing a request for reconsideration, which was denied, respondent did not do any work on the claim. He also failed to file an appeal of the denial of the request for reconsideration, and Costa retained another attorney, who established good cause for a hearing on Costa's claim based on respondent's inaction.

{¶ 2} In April 1998, Janice Hunter retained respondent to represent her on a claim for benefits under her employer's long-term disability insurance. Despite numerous telephone calls and letters from Hunter and her physicians, respondent did not take any action on behalf of Hunter and did not return her calls. Because

———————

1. We previously imposed a sanciton on respondent for failure to comply with the continuing legal education requirements of Gov.Bar R. X for the 1992-1993 reporting period. In re Comm. on Continuing Legal Edn. (1995), 73 Ohio St.3d 1401, 651 N.E.2d 1300.

of respondent's failure to timely pursue her claim, Hunter's attempt to file the claim with another attorney was denied as untimely, and her monthly disability benefits were discontinued.

{¶ 3} Costa and Hunter filed grievances against respondent with relator, Cleveland Bar Association. Respondent failed to respond to relator's inquiries about the grievances or otherwise cooperate with relator's investigation of the grievances.

{¶ 4} On August 14, 2000, relator filed a complaint charging respondent with multiple violations of the Code of Professional Responsibility and the Supreme Court Rules for the Government of the Bar. After respondent failed to answer, the matter was referred to a master commissioner under Gov.Bar R. V(6)(F)(2) on relator's motion for default judgment.

{¶ 5} The master commissioner found the facts as previously set forth and concluded that respondent's conduct as to each of his clients violated DR 1-102(A)(6) (engaging in conduct that adversely reflects on lawyer's fitness to practice law), 6-101(A)(2) (handling a legal matter without adequate preparation), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek lawful objectives of his client through reasonably available means), 7-101(A)(2) (failing to carry out contract of employment entered into with client for professional services), and 7-101(A)(3) (intentionally prejudicing or damaging client during course of professional relationship). The master commissioner further concluded that respondent violated Gov.Bar R. V(4)(G) (duty to cooperate in disciplinary investigation) and V(6)(A)(1) (defining misconduct to include violation of oath of office taken upon admission to the practice of law in this state or any disobedience of the Code of Professional Responsibility or Rules for the Government of the Bar). The master commissioner recommended that respondent be indefinitely suspended from the practice of law.

**{¶ 6}** The Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") adopted the findings, conclusions, and recommendation of the master commissioner and further recommended that costs be taxed to respondent.

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board. In determining the appropriate sanction, Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline authorizes the board to consider precedent established by this court. BCGD Reg. 10(B). We have consistently recognized that "[n]eglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio." *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271, 1272. In other words, "[t]he sanction of an indefinite suspension from the practice of law 'is especially fitting * * * where neglect of a legal matter is coupled with a failure to cooperate in the ensuing disciplinary investigation.' " *Disciplinary Counsel v. Henderson* (1999), 87 Ohio St.3d 219, 221, 718 N.E.2d 1277, 1279, quoting *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148, 1149.

**{¶ 8}** Here, like the attorneys in *Henderson* and *Disciplinary Counsel v. Boylan* (1999), 85 Ohio St.3d 115, 707 N.E.2d 465, respondent exhibited a cavalier attitude towards the representation of his clients as well as the ensuing disciplinary investigation. Moreover, respondent's neglect prejudiced his clients' interests. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Weston, Hurd, Fallon, Paisley & Howley* and *Gary W. Johnson*; *Ulmer & Berne, LLP,* and *Joseph S. Simms*, for relator.

_____