[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 467.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* JUDGE.

[Cite as *Cuyahoga Cty. Bar Assn. v. Judge*, 2002-Ohio-4741.]

*Attorneys at law—Misconduct—Indefinite suspension—Attorney neglected client,*
*refused to cooperate in the investigation of that misconduct, and has since*
*been indefinitely suspended from the practice of law in Ohio for similar*
*conduct.*

(No. 2002-0681—Submitted June 5, 2002—Decided October 2, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 01-89.

_____

**Per Curiam.**

{¶1} We must decide in this case how to appropriately sanction an attorney
who neglected his client, refused to cooperate in the investigation of this
misconduct, and has since been indefinitely suspended from the practice of law in
Ohio for similar misconduct. The Board of Commissioners on Grievances and
Discipline recommended that respondent, Thomas J. Judge of Cleveland, Ohio,
Attorney Registration No. 0024839, be indefinitely suspended for this conduct after
it found him in violation of DR 1-102(A)(4) (dishonesty, fraud, deceit or
misrepresentation), (5) (conduct that is prejudicial to the administration of justice),
and (6) (conduct that adversely reflects on an attorney's fitness to practice law), 6-
101(A)(3) (neglect of an entrusted legal matter), and Gov.Bar R. V(4)(G) (failure
to cooperate in an investigation of misconduct). We agree that respondent
neglected his client, that he failed to cooperate, and that his conduct reflected
adversely on his fitness to practice law. But because DR 1-102(A)(4) and (5) were
not charged in the complaint against respondent, due process prevents us from also
finding these violations. See *Disciplinary Counsel v. Simecek* (1998), 83 Ohio

St.3d 320, 699 N.E.2d 933. Therefore, based on the misconduct before us today, respondent is indefinitely suspended from the practice of law.

{¶2} Upon reviewing the motion for default, a master commissioner for the board found that respondent did not file an appeal that he was retained to file; he did not return the client's telephone calls over the succeeding years; and when the client finally came to his office in 2000, respondent told the client that the appeal had been denied. Respondent further did not respond to investigative telephone inquiries about the client's grievance. The master commissioner determined that respondent had thereby violated DR 1-102(A)(4), (5) and (6), 6-101(A)(3), and Gov.Bar R. V(4)(G). After recognizing that respondent was already under indefinite suspension for previous similar misconduct, he recommended that respondent be indefinitely suspended. The board adopted the master commissioner's findings of misconduct and recommended that respondent be indefinitely suspended.

{¶3} We adopt the board's findings as to the violations of DR 1-102(A)(6) and 6-101(A)(3) and Gov.Bar R. V(4)(G). We do not adopt, however, the board's conclusion that respondent also violated DR 1-102(A)(4) and (5).

{¶4} Presumably, the board found the DR 1-102(A)(4) and (5) violations because evidence showed that respondent had lied to his client and because Section 1(A) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline purports to allow the board, with sufficient evidence, to find violations of Disciplinary Rules not cited in the complaint. We specifically denounced this practice as a violation of due process in *Simecek,* 83 Ohio St.3d 320, 699 N.E.2d 933. In that case, the board found that Simecek had violated Disciplinary Rules that had not been cited in the complaint. We held that imposing punishment for an uncharged violation is untenable because " '[t]he absence of fair notice as to the reach of the grievance procedure and the precise nature of the charges deprive[s]

[an attorney] of procedural due process.' " Id. at 322, 699 N.E.2d 933, quoting *In re Ruffalo* (1968), 390 U.S. 544, 552, 88 S.Ct. 1222, 20 L.Ed.2d 117.

{¶5} Nonetheless, we agree that an indefinite suspension is appropriate under these circumstances. Respondent's misconduct in this case is part of the pattern of neglect that was discussed in his prior disciplinary case, and he has manifested here the same cavalier attitude toward investigative efforts that he did in the earlier proceeding. These factors have an aggravating impact when determining how to sanction misconduct. See Section 10(B)(1) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. Moreover, the rule is that "[n]eglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio." *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271.

{¶6} Respondent is currently indefinitely suspended from the practice of law. See *Cleveland Bar Assn. v. Judge* (2002), 94 Ohio St.3d 331, 763 N.E.2d 114. This decision imposes another indefinite suspension.. Under Gov.Bar R. V(10)(B), respondent must wait two years from the date of this order before applying for reinstatement. Accordingly, we order that respondent may not file a petition for reinstatement for two years from the date of this order. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

————————————

**COOK, J., dissenting.**

**{¶7}** We have already imposed an indefinite suspension upon the respondent for conduct similar to that involved in this case. See *Cleveland Bar Assn. v. Judge* (2002), 94 Ohio St.3d 331, 763 N.E.2d 114. Despite that sanction, the respondent continued to show a complete disregard for the disciplinary process and this court. As the majority itself acknowledges, this "cavalier attitude" of the respondent is an aggravating factor. I would accordingly disbar the respondent.

Gary S. Fishman; Fay, Sharpe, Fagan, Minnich & McKee, L.L.P., and Thomas Kocovsky, for relator.

————————————