CINCINNATI BAR ASSN. *v.* SANZ.

[Cite as *Cincinnati Bar Assn. v. Sanz,* **128 Ohio St.3d 373, 2011-Ohio-766.**]

*Attorneys at law — Misconduct — Multiple violations of the Rules of Professional Conduct, including misappropriating trust assets — Respondent disbarred.*

(No. 2010-1828 — Submitted January 4, 2011 — Decided February 24, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-028.

———————————

**Per Curiam**.

{¶ 1} Respondent, Ricardo R. Sanz of Cincinnati, Ohio, Attorney Registration No. 0037659, was admitted to the practice of law in Ohio in 1986. On December 3, 2007, we suspended respondent from the practice of law for his failure to register as an attorney for the 2007 to 2009 biennium. *In re Attorney Registration Suspension of Sanz*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305. And since June 16, 2008, respondent's license has been suspended for failing to meet the continuing legal education ("CLE") requirements of Gov.Bar R. X. See *In re Continuing Legal Edn. Suspension of Sanz*, 118 Ohio St.3d 1455, 2008-Ohio-2889, 888 N.E.2d 1109.

{¶ 2} On April 12, 2010, relator, Cincinnati Bar Association, filed a complaint charging respondent with professional misconduct arising from his misappropriation of money from a trust during his tenure as its trustee. Although the complaint was served by certified mail at respondent's home address, he did not file an answer. And with the exception of his attendance at his December 29, 2009 deposition, respondent did not respond to relator's repeated attempts to communicate before the filing of the complaint, did not answer the complaint or

otherwise appear in the proceeding, and did not respond to a certified letter advising him that relator intended to seek a default judgment. Therefore, on September 21, 2010, relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 3} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted relator's motion, making findings of misconduct and recommending that respondent be permanently disbarred from the practice of law. The board adopted the master commissioner's findings of fact and misconduct and his recommended sanctions. We accept the board's findings with regard to the charged conduct and disbar respondent from the practice of law in Ohio.

**Misconduct**

{¶ 4} The master commissioner and board found that in 2002, a husband and wife appointed respondent, who had served as the husband's accountant, to serve as the trustee of an irrevocable trust. Respondent testified at his deposition that he had paid the couple's living expenses from the trust assets during their lifetimes. The husband died in 2006.

{¶ 5} After the wife's death in August 2008, an attorney representing the couple's four children, who were beneficiaries of the trust, sought an accounting of the trust assets. When respondent failed to respond to their requests, the beneficiaries filed an action in the Hamilton County Probate Court, from which they obtained a default judgment. The court awarded them $284,272.12 plus interest and court costs, representing the value of the estate assets on December 31, 2006, the date of respondent's last accounting, less $5,314.35, representing the value of distributions that respondent had made to the beneficiaries, and removed respondent from his position as trustee.

{¶ 6} Additionally, we observe that in his deposition, respondent testified that in 2004, and again from 2007 to 2008, he had written a number of checks, totaling more than $180,000, from the trust's checking account to

companies in which he had an ownership interest and to one of his business partners. He claimed that these checks were loans and that "a little bit" had been repaid. He admitted, however, that he had never discussed the advisability of these loans with any of the trust's beneficiaries or obtained court approval to make them. Moreover, he acknowledged that one of the companies that had received the money is "limping along" and stated that he, the company, and his business partners are broke.

{¶ 7} Based upon these factual findings, the master commissioner and the board concluded that respondent's conduct violated Prof.Cond.R. 1.15(d) (requiring a lawyer, upon request, to promptly render a full accounting of funds or property in which a client or third party has an interest) and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We accept the board's findings that respondent has violated Prof.Cond.R. 1.15(d) and 8.4(c). Because relator's complaint did not charge respondent with violating Gov.Bar R. V(4)(G), we reject the board's finding that respondent has violated that rule. See *Disciplinary Counsel v. Simecek* (1998), 83 Ohio St.3d 320, 322, 699 N.E.2d 933 (failure to notify attorney of the charges against him violates due process).

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and

Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 9} The evidence submitted with respondent's motion for default clearly and convincingly demonstrates that respondent has engaged in a pattern of misconduct involving multiple offenses. See BCGD Proc.Reg. 10(B)(1)(c) and (d). He has failed to cooperate in the resulting disciplinary process and has refused to acknowledge the wrongful nature of his conduct. See BCGD Proc.Reg. 10(B)(1)(e) and (g). And his conduct has caused harm to vulnerable victims to whom respondent has failed to pay full restitution. See BCGD Proc.Reg. 10(B)(1)(h) and (i). The master commissioner and board also noted that he has been suspended from the practice of law for registration and CLE violations. See BCGD Proc.Reg. 10(B)(1)(a). We do not, however, consider a sanction imposed for failure to comply with the CLE requirements of Gov.Bar R. X when we determine a sanction for attorney misconduct. See Gov.Bar R. X(5)(C).

{¶ 10} In addition to these aggravating factors found by the master commissioner and the board, we find that respondent acted with a selfish motive. See BCGD Proc.Reg. 10(B)(1)(b). There is no evidence of mitigating factors.

{¶ 11} The master commissioner and board adopted relator's recommendation that respondent be permanently disbarred from the practice of law based upon his misappropriation of trust assets for his own benefit and for that of his businesses.

{¶ 12} Disbarment is the presumptive sanction for the misappropriation of client funds. *Trumbull Cty. Bar Assn. v. Kafantaris*, 121 Ohio St.3d 387, 2009-Ohio-1389, 904 N.E.2d 875, ¶ 14, quoting *Cleveland Bar Assn. v. Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15. In light of respondent's conduct in misappropriating at least $180,000 of trust funds while he served as the trustee and then failing to respond to the beneficiaries' repeated requests for an accounting, we agree that permanent disbarment is warranted.

4

{¶ 13} Accordingly, Ricardo R. Sanz is permanently disbarred from the practice of law in the state of Ohio. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

James A. Comodeca and Christopher R. Heekin, for relator.

_____